# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM J COVINGTON, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, ACTING ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY, ) <br> Defendant. ) <br> ) | No. 12cv2083 EJM <br><br> ORDER |

Plaintiff brings this action seeking judicial review of the Acting Commissioner's denial of his application for social security disability and supplemental security income benefits. Briefing concluded May 9, 2013. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of December 5, 2008, plaintiff alleges degenerative disc disease, shoulder impingement, an essential tremor, obesity, gout, diabetes, and more. Plaintiff asserts that the Acting Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

1

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Plaintiff claims that the Administrative Law Judge (ALJ) failed to develop the medical record by not obtaining medical evidence from a treating or examining medical source regarding his work related physical limitations. In Strongson v. Barnhart, 361 F.3d 1066 (8th Cir. 2004), the court acknowledged that the ALJ's duty to develop the record "includes the responsibility of ensuring that the record includes evidence from a treating physician, or at least an examining physician, addressing the particular impairments at issue." Id. At 1071. But the court in Strongson ultimately affirmed the ALJ's decision because the record contained evidence from both treating and non-examining sources. Id. at 1072. Because the record in this case also contains evidence from both non-examining sources as well as plaintiff's treating physician and other treatment notes, the ALJ satisfied his duty to develop the record.

The ALJ in this case found that plaintiff retained the capacity to perform light work as defined in the regulations, and that he could occasionally reach overhead and push and pull with his right arm; occasionally balance, stoop, kneel, crouch, and crawl; but not climb ladders, ropes, or scaffolds (Tr. 27). In calculating plaintiff's residual functional capacity (RFC), the ALJ considered plaintiff's reported symptoms and the extent to which his symptoms were consistent with the record as a whole (Tr. 27-29). See 20 C.F.R. §§404.1529, 416. The ALJ did acknowledge that plaintiff's physical impairments could reasonably be expected to cause some of his alleged symptoms (Tr. 28). However, after considering all the evidence, the ALJ found that plaintiff's subjective statements regarding the intensity, persistence, and limiting

effects of those symptoms were not credible (Tr. 28). The ALJ noted that plaintiff's diagnostic test results showed only moderate degenerative changes in his back and there was no evidence of fracture, dislocation, or fixation of his spine (Tr. 28-29, 325, 345-46, 435). X-rays of plaintiff's right shoulder showed possible chronic avulsion but there were no other bony or joint abnormalities (Tr. 340, 436). Plaintiff's treating medical providers noted that his physical examinations were essentially normal as he had normal strength and range of motion in his neck with no evidence of muscular atrophy; no swelling in his joints; no tingling or numbness; normal range of motion, strength, and reflexes in all extremities; and negative straight leg raises (Tr. 28-29, 324, 335, 337, 344, 361, 363, 366, 390, 426, 430).

In further consideration of the evidence, the ALJ properly found that plaintiff was prescribed only conservative medical treatment which effectively controlled his symptoms (Tr. 28-29). Generally, conservative treatment does not support a claimant's allegations of disabling impairments. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (ALJ could find that the claimant's conservative treatment was not indicative of disabling symptoms); 20 C.F.R. §§404.1529(c)(3)(v), 416.929(c)(3)(v) (the agency will consider the claimant's treatment when evaluating h[is] symptoms). Moreover, evidence that an impairment is controlled with medication detracts from the claimant's credibility. See Collins ex rel. Williams v. Barnhart, 335 F.3d 726, 729-30 (8th Cir. 2003) ("[I]mpairments that are controllable by medication do not support a finding of total disability."). The medical records show that plaintiff received conservative treatment consisting of medication, steroid injections, and ice

packs (Tr. 335, 362-63, 366, 390, 426, 430). Plaintiff reported that Ibuprofen controlled his back pain (Tr. 28-29, 390).

The ALJ also considered whether plaintiff's testimony was consistent with other evidence in the record. In determining credibility, an ALJ may take notice of "inherent inconsistencies" in the record. Eichelberger, 390 F.3d at 589 ("[A]n ALJ may disbelieve a claimant's subjective reports of pain because of inherent inconsistencies or other circumstances."). Here, plaintiff testified that he needed a cane to ambulate, could not stand long enough to take a shower, had fallen several times, and was limited to walking just twenty-five yards (Tr. 28, 40-59).

However, the plaintiff here testified that he engaged in deer hunting (Tr. 50-51). In fact, the record shows that in April 2011, three years after his alleged onset date, plaintiff continued to go deer hunting (Tr. 28, 429). The ALJ determined that plaintiff's ability to hunt deer reflected poorly on his credibility and indicated that his symptoms were not as significant as alleged (Tr. 28). See Johnson v. Apfel, 240 F.3d 1145, 1148 (8th Cir. 2001) (explaining that activities that are "inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility".) Therefore, the ALJ reasonably concluded that plaintiff's allegations of disabling symptoms were not fully credible (Tr. 28-29), and this conclusion is well supported by an ample record.

Considering the record as a whole, and without minimizing the seriousness of plaintiff's impairments, substantial evidence does support the ALJ's findings, and

therefore it should be affirmed. See Wheeler v. Apfel, 224 F.3d 891, 895 (8th Cir. 2000); Gates v. Astrue, 627 F.3d 1080, 1083 (8th Cir. 2010).

It is therefore

ORDERED

Affirmed.

July 23, 2013.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT